UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No. 8:05-CR-365-T-27TBM

JOSE CARLOS BELALCAZAR-VALLEALLA
_____/

### ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss the Indictment (Dkt. 532).

Defendant contends that his indictment should be dismissed because the Maritime Drug Law

Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was unconstitutionally applied in

his case, relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012).[1]

Since Defendant is collaterally attacking his conviction, the proper avenue of relief is under

28 U.S.C. § 2255 and the motion is construed accordingly. *Farris v. United States*, 333 F.3d 1211,

1216 (11th Cir. 2003)("Because Farris was moving to vacate his sentences and he previously had

---

[1] In *Bellaizac-Hurtado*, the MDLEA was found unconstitutional as applied to drug-trafficking activities "in the territorial waters of Panama." *Bellaizac-Hurtado* at 1258 (emphasis added). *Bellaizac–Hurtado* is factually distinguishable from this case. In this case, Petitioner was arrested in international waters on board a Columbian registered vessel several hundred miles outside Columbia's territorial waters (Dkt. 235). The pertinent facts are found in the order determining jurisdiction over the vessel (Dkt. 229):

> The Columbian registered F/V Rio Mar I was observed and photographed "making way in the Pacific Ocean approximately 80 miles southwest of the Galapagos Islands in international waters in an area known for drug smuggling" (Dkt. 229, p. 2). The Rio Mar was observed with a wire towing harness and cable affixed to its stern and was suspected of towing a submerged object on a course and speed inconsistent with commercial fishing activity. On the day the Rio Mar was boarded, the U.S. Coast Guard located a submersible approximately 50 nautical miles from where the Rio Mar had been initially boarded and in a position that correlated with the Rio Mar's previous track. The submersible contained more than 5,000 pounds of cocaine, had a 350 ft. cable attached to its nose cone and was rigged in a manner consistent with having been towed. The cable and towing gear attached to the submersible appeared to match that depicted in the photographs of the Rio Mar.

filed a § 2255 motion, the district court did not err in construing his motion as a successive § 2255 motion."). *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Betzner v. United States*, 470 Fed.Appx. 744, 745 n.1 (11th Cir. 2012)(citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008)).   Because Defendant previously filed an unsuccessful § 2255 motion to vacate, the instant motion is DISMISSED for lack of subject matter jurisdiction.

### Procedural History

Defendant was charged in a two-count Superseding Indictment with possession with intent to distribute and conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Dkt. 107).  He pleaded guilty to both counts and was sentenced to concurrent terms of 144 months in prison on each count, to be followed by 60 months of supervised release. (Dkts. 305, 363).

### Direct appeal

On appeal, Defendant's conviction was affirmed and his appeal dismissed *in part*. The Eleventh Circuit Court of Appeals found that Defendant's guilty plea waived the non-jurisdictional defect he raised on appeal (Dkt. 501); *United States v. Mina, et al.*, 255 Fed. Appx. 437 (11th Cir. 2007), *cert. denied*, 554 U.S. 905 (2008).[2]

### Prior § 2255 motion to vacate

On September 3, 2010, more than two years after *certiorari* was denied, Defendant filed his first collateral attack on his conviction, a motion to vacate under 28 U.S.C. § 2255 (Dkt. 514). The

---

[2] Before trial, it was determined that the vessel on which Defendant was found was subject to the jurisdiction of the United States (Dkt. 229).  The Eleventh Circuit dismissed Defendant's challenge to the exercise of jurisdiction over the vessel, finding that Defendant waived that argument by pleading guilty. (*See* Dkt. 501, p. 6-7; citing *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003)).

motion was denied as time-barred (*See* Dkt. 5; Civ. No. 8:10-CV-1964-T-27TBM). The Eleventh Circuit denied Defendant's application for certificate of appealability and his Motion for Reconsideration (CV Dkts. 7, 8).

## Successive Petition

The instant motion constitutes a second collateral attack on Defendant's conviction. It is therefore subject to dismissal for want of subject matter jurisdiction unless Defendant obtained authority from the circuit court of appeals to file it. *Farris v. United States*, 333 F.3d at 1216. Since there is no indication that he obtained authorization from the Eleventh Circuit to file a successive § 2255 motion, this Court is without jurisdiction. *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *El-Amin v. United States,* 172 Fed.Appx. 942, 946 (11th Cir. 2006).

Accordingly, Defendant's Motion to Dismiss (Dkt. 532) is DISMISSED.[3]  The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**THE COURT FINDING** that Defendant's motion constitutes an unauthorized successive, collateral attack on his judgment and conviction, Defendant is not entitled to a certificate of

---

[3] Like his first motion to vacate, the instant motion would be time-barred. To the extent the motion challenges subject matter jurisdiction, the one year limitations period would nonetheless bar the claim. *Williams v. United States*, 383 Fed.Appx. 927, 929 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 846 (2010). And by pleading guilty, Defendant would have waived his "as applied" challenge to the constitutionality of the MDLEA because such a challenge is nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010)(as applied challenge to statute waived by guilty plea), *cert. denied*, 131 S.Ct. 968 (2011).

appealability. Rule 22, Fed. R. App. P.,[4] and 28 U.S.C. §2253.[5] *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a defendant/petitioner must demonstrate that reasonable jurists would find the Court's assessment of the Defendant/Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Defendant has failed to make this threshold showing. *See Slack*, 529 U.S. at 485. Finally, because Defendant is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this **25**th day of February, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner
Counsel of Record

---

[4]"Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[5]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).